UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0003-B |
| | § | |
| MARK LEE CLEATON | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for New Trial and Motion for Judgment of Acquittal (Doc. 78) (Defendant's Motion). For the following reasons, the Court **DENIES** the Motion.

## I.

## BACKGROUND

On January 6, 2015, Defendant Mark Lee Cleaton (Cleaton) was named in an indictment charging four counts of wire fraud in violation of 18 U.S.C. § 1343. On October 13, 2015, he stood trial. At trial, the Court instructed that for the jury to find Cleaton guilty, it must be convinced that the Government proved beyond a reasonable doubt: (1) "That the defendant knowingly devised or intended to devise any scheme to defraud, as alleged in the indictment"; (2) "That the scheme to defraud employed false material representations, false material pretenses, or false material promises"; (3) "That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme"; and (4) "That the defendant acted with a specific intent to defraud." Doc. 60, Jury Charge 8. The jury found him guilty on all counts. On November 2, 2015, Cleaton moved for a judgment of acquittal or, alternatively, a new trial. The Court now considers his Motion.

## II.

## LEGAL STANDARD

*A.     Motion for Acquittal*

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) (citing Fed. R. Crim. P. 29(a)). In assessing such a motion, the Court must consider the evidence, all reasonable inferences drawn from the evidence, and all credibility determinations in the light most favorable to the jury's verdict. *Id.* The Rule 29 standard does not require the evidence exclude every reasonable hypothesis of innocence. *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). Rather, a judgment should be affirmed "if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Klein*, 543 F.3d 206, 212 (5th Cir. 2008) (quoting *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997)). Thus, the jury retains the sole authority to weigh any conflicting evidence and evaluate the witness credibility. *Loe*, 262 F.3d at 432.

*B.     Motion for New Trial*

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whereas a Rule 29 motion turns on the sufficiency of the evidence, a motion under Rule 33 turns on whether the weight of the evidence supports the verdict. *See Tibbs v. Florida*, 457 U.S. 31, 42 (1982). Thus, in assessing a Rule 33 motion, a court may weigh the evidence and assess witness credibility. *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). The Court is granted broad discretion in making a determination based on the weight of the evidence. *United States v.*

*Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997). Still, the Court's discretion is limited—it cannot set aside a verdict simply because it believes another result would be more reasonable. *Id.* Rather, "[t]he evidence must preponderate against the verdict such that it would be a miscarriage of justice to let the verdict stand." *Id.*

## III.

## ANALYSIS

Cleaton moves for both a judgment of acquittal and a new trial. The Court considers each in turn.

A.   *Motion for Judgment of Acquittal*

Cleaton argues that he is entitled to a judgment of acquittal because the Government's case "hinged on the testimony of witness Jason Gorsuch," whose "testimony was equivocal, untruthful, and far less than credible." Defendant's Motion 3–4. According to Cleaton, Gorsuch was responsible for pitching Cleaton's investment fund (NACIF) to each of the defrauded clients, none of whom could identify Cleaton at trial. There, Gorsuch stated on direct examination that he did not change the investment materials, but simply passed them along to clients for private offerings. *Id.* at 4. But on cross examination Gorsuch admitted to providing Cleaton with a template and assisting him in drafting the Investment Summary's language, much of which was identical to Gorsuch's template's. *Id.* at 4–5. Additionally, Gorsuch admitted that he failed to disclose material information to at least one investor. *Id.* at 4. Cleaton contends that Gorsuch's actions and inconsistent testimony show the evidence is insufficient to establish the material misrepresentation and specific intent elements of wire fraud. *Id.* at 5.

The Government disagrees. It insists that the evidence at trial clearly supported the jury's

findings that Cleaton made material misrepresentations and acted with specific intent. Doc. 81, Gov.'s Resp. in Opposition to Def.'s Mot. for New Trial and J. of Acquittal 4 [hereinafter Government's Resp.]. Addressing Gorsuch's testimony, the Government argues that the jury could have drawn "an inference from Gorsuch's testimony . . . that Cleaton's NACIF 'investment' was a sham." The Court agrees. "It is the sole province of the jury, and not within the power of this Court, to weigh conflicting evidence and evaluate the credibility of witnesses." *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998) (internal quotation marks and citation omitted). Viewing credibility assessments in the light most favorable to the jury's verdict, the Court finds Gorsuch's actions and inconsistent testimony does not show that the evidence is insufficient.[1] And that is not all. The Government also lists other sources of evidence presented at trial upon which a reasonable jury could have based its decision (e.g., testimony from multiple defrauded investors and an FBI forensic accountant, as well as over sixty exhibits showing material misrepresentations). Considering the evidence cumulatively, the Court finds that "a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *See Klein*, 543 F.3d at 212. Accordingly, Cleaton is not entitled to a judgment of acquittal under Rule 29.

B.    *Motion for New Trial*

Alternatively, Cleaton moves for new trial under Rule 33, presenting largely the same argument. In fact, Cleaton adds only that "under the Rule 33 standard, the Court is permitted to act

---

[1] Defendant's Motion raises an issue about the fact that Gorsuch, not Cleaton, had a majority of contact with the defrauded clients, and that Cleaton never made direct misrepresentations to them. This is inconsequential. Representations in a fraud scheme do not need to be made directly to the scheme's victims. *United States v. McMillan*, 600 F.3d 434, 449 (5th Cir. 2010); *United States v. Pepper*, 51 F.3d 469, 473 (5th Cir. 1995).

as thirteenth juror [sic] without the limitation imposed by Rule 29 . . . the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice." Defendant's Motion 5 (internal citations omitted). Considering the credibility of Gorsuch along with that of the other testifying witnesses, and weighting the entirety of the evidence presented at trial, the Court finds that the evidence does not preponderate against the verdict; rather, it supports it. Thus, it would not be a "miscarriage of justice to let the verdict stand." *Robertson*, 110 F.3d at 1118. Therefore, Cleaton is not entitled to a new trial under Rule 33.

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion for New Trial and Motion for Judgment of Acquittal (Doc. 78).

SO ORDERED.

SIGNED: December 10, 2015.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE